## E. ELBERTA BERTSCH, PROSECUTRIX, v. ESTHER JONES, RESPONDENT.

Submitted January 20, 1942—Decided February 11, 1942.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutrix, *Edwin Joseph O'Brien* and *Thomas J. Brett.*

For the respondent, *Kalisch & Kalisch (Isidor Kalisch).*

BODINE, J. There was an award of compensation in the Bureau and a reversal in the Court of Common Pleas. The question turns on whether the prosecutrix, a practical nurse,

was a regular employee or an independent contractor. She was employed by the defendant for $35 a week to take care of her companion, an aged woman whose mind and body were diseased, and in the course of that employment she suffered an injury by reason of an accident arising out of and in the course of that employment. She worked from the middle of October, 1939, till December 13th, 1939, when pain from her injury made work impossible for a time.

*N. J. S. A.* 34:15-36 provides: " 'Employee' is synonymous with servant, and includes all natural persons who perform service for another for financial consideration."

The defendant had instructed the prosecutrix as to changing the rooms allotted to the companion and had pointed out the linens to be used and the food to be cooked. Besides, she was instructed as to what laundry work she was to do and what was to be placed in the family wash. When the patient was sent to a sanitorium she was sent with her. She was employed to keep the defendant's companion clean and nourished under the defendant's supervision as much as if she had been employed to cook, to wait on the table, or if she had been a man to tend the garden or drive the family car. Prosecutrix was an employee. *Cantwell* v. *Delaney,* 10 *N. J. Mis. R.* 783; 110 *N. J. L.* 554; *Jasnig* v. *Winter,* 115 *Id.* 320; 116 *Id.* 181; *Rojeski* v. *Pennington Dairy Farm, Inc.,* 118 *Id.* 335.

The judgment is reversed.