NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

LUCILLE F. CHMIZLAK, PETITIONER, v. ALFRED LEVINE,
RESPONDENT.

Decided July 20, 1942.

For the petitioner, *Benedict A. Beronio.*

For the respondent, *Henry M. Grosman.*

\*      \*      \*      \*      \*      \*      \*

The principal question involved in this case was whether the petitioner, a trained nurse, was an independent contractor or an employee. From the testimony adduced in this court the admitted facts are that the petitioner is a registered nurse and was called to the house of the respondent to treat his wife, who was under the care of Dr. Tyndall. She was called through St. Mary's Hospital, it being the custom of the hospital to have a Nurses' Registry, and the nurse who is at the top of the list is sent to care for the patient.

The Registry was called by Dr. Tyndall, at the request of the respondent, who had asked the doctor to secure someone to take care of the respondent's wife, and the petitioner was sent by the Registry to carry out the duties of a trained nurse in connection with the treatment of the respondent's wife. On January 16th, 1942, while leaving respondent's home, after having completed her duties for the day, she slipped on the steps of the respondent's porch, fell and injured herself.

The issue, as I stated, is whether the petitioner was an employee, whether there was a relationship of master and servant, or whether the relationship was that of an independent contractor.

The only decision that we have on this question is *Cantwell* v. *Delaney,* 160 *Atl. Rep.* 679. I do not feel that that case is in point. That case had to do with the employment of a practical nurse during a confinement case. That practical nurse did general housework, washing and regular domestic duties. In this case, as testified by the petitioner, the petitioner was hired as a trained nurse, and her duty was to so act as a nurse and care for the patient.

My understanding of the distinction of the relationship between master and servant and an independent contractor is that, in the former case the employer maintains supervision and control over the one who is doing the work. In this case, I find that the respondent did not maintain supervision and control. The petitioner came in for one duty; she did her work as she saw best under the doctor's orders. She came in as a professional. While there are some facts brought out to the effect that she did certain other things, I am not especially impressed. I think she did those things not as one being ordered, but in the general course of work as a nurse in a household.

I believe that the case of *Renouf* v. *New York Central Railroad,* 254 *N. Y.* 439, is a case in point. The test is the question of supervision and control, and, from the evidence of the petitioner, it would appear that the respondent did not exercise supervision and control. Petitioner testified her duties were the actual care of the patient. In her testimony she says, "I don't do housework; I am a trained nurse. The custom is, when a nurse is needed, they call the hospital. I didn't know the respondent. I was hired through the registry. I went over and took over the case. I went ahead with regular nursing duties, I was under the doctor's orders, not supposed to do any housework—simply supervised the patient—food, only cared for the patient in her room. I supervised. I prepared my own meals and the patient's at night, and had dinner with the family."

So it does appear that a trained nurse comes under the category of a business. If you called a plumber into your home because there was repair work to be done, you would simply tell him what is to be done and he does the work in

his own way. The fact that the job takes one day, or two days, or two weeks, does not make the plumber an employee even though his hiring is indefinite and he charges by the hour or by the day until the job is finished. He is in a business rendering a specific type of service to such of the public as may require same. So with a nurse. She holds herself out as a professional person, to do a certain type of work and when engaged does nothing else but her particular job. She is called in to care for a patient, and she cares for the patient in her professional way under the direction of the treating physician.

I find that the relationship in this case is one of independent contractor and hereby dismiss the petition filed in this cause.

CHARLES E. CORBIN,
*Deputy Commissioner.*