NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ALICE ROBINSON, PETITIONER, v. LAWRENCE LEVY, RESPONDENT.

Decided September 17, 1942.

For the petitioner, *John V. Crowell.*

For the respondent, *George F. Lahey.*

\*        \*        \*        \*        \*        \*        \*

The facts in this case briefly are that petitioner was employed by respondent to act as a nurse for his child, petitioner being a graduate or registered nurse. Petitioner was employed on the basis of twenty-four hours per day being allowed a rest period of four hours from two P. M. to six P. M. During this rest period it was petitioner's habit to drive her automobile from her place of employment in Elberon, New Jersey, to her home at Red Bank, New Jersey, and while there to launder her uniforms worn during her duties. Petitioner alleges that on September 11th, 1941, during her said rest period she had driven her car as usual to her home and laundered some of her uniforms and that while going from her house to the car with the uniforms in her hand to return to her place of employment she sustained a fall and caused an injury to her left hand consisting of fracturing the wrist. Respondent contends that the petitioner at the time of the accident was in fact washing the car.

Respondent's counsel urges that since the petitioner was a registered nurse this tribunal is bound to find her an independent contractor and not an employee of respondent. This proposition is utterly untenable as it is not any special training that makes one an independent contractor but the terms of the contract of hire that determines whether or not the relationship of the parties is that of employer and employee or whether the petitioner's relationship with respondent is that of an independent contractor. The relationship of master and servant exists whenever the employer retains the right to direct the manner in which the work shall be done, as well as the result to be accomplished, or in other words, not only what shall be done, but how it shall be done. *Errickson* v. *F. W. Schwiers, Jr. Co.,* 108 *N. J. L.* 481; 158 *Atl.*

*Rep.* 482. Direction here can be found in the record by the assignment by respondent to petitioner of her duties, that is to care for his infant daughter, the fixing of her hours of duty, including the so-called rest period and in fact the petitioner seems to have been as much an employee of the respondent as any other of his servants. *Bertsch* v. *Jones,* 128 *N. J. L.* 34; 24 *Atl. Rep.* (*2d*) 379.

Respondent further contends that the accident herein complained of did not arise out of the employment inasmuch as the accident, according to his theory of the facts, did not arise out of the employment but occurred while the petitioner was engaged in an activity personal to her and not while performing any duty required by her employment. While it is in dispute just what the petitioner was doing at the time of the accident, that is whether she was preparing to return with her uniforms as she says, or was washing her car as respondent claims it would seem to me that a finding as to either fact would still result in a finding that the accident did arise out of and in course of the employment. While the record is vague as to whether or not petitioner was given any direction as to the method of laundering of her uniforms it seems a fair inference to the testimony that this matter was left largely to her own discretion. It is, of course, a necessary part of her employment that her uniforms be kept presentable and if she were injured, as she claims, in the course of caring for them, the accident undoubtedly arose out of the employment. If on the other hand she were washing or cleaning her car it would seem to make little difference. It would appear from the record that it was her practice to use this car for transportation from her place of employment to her home, and no objection to this practice on the part of respondent is noted in the record, and thus the car would appear to be a necessary adjunct of petitioner's employment. That the car would require necessary attention for its proper and presentable maintenance follows as a matter of course, and thus an injury occurring to the petitioner while performing this care to the car would be injury by accident arising out of and in course of the employment.

And again we have the undenied fact that this petitioner

was employed on a twenty-four hour basis, the rest period provided for being not only for her benefit but also for the benefit of the respondent in that it would benefit her efficiency when actually on duty being hence actually a part of her twenty-four hour tour of duty, and any accident occurring to petitioner during the same, even though she might at the moment be doing an act purely personal to herself, would be an accident arising out of and in course of the employment. *Terlecki* v. *Strauss & Co.,* 85 *N. J. L.* 454; 89 *Atl. Rep.* 1023; *Foley* v. *Home Rubber Co.,* 89 *N. J. L.* 474; 99 *Atl. Rep.* 624; *Jasnig* v. *Winter,* 115 *N. J. L.* 320; 179 *Atl. Rep.* 844.

\*     \*     \*     \*     \*     \*     \*

It is, therefore, \* \* \* ordered that judgment final be entered in favor of the petitioner and against the respondent.

\*     \*     \*     \*     \*     \*     \*

HARRY H. UMBERGER,
*Deputy Commissioner.*