EDITH A. ANDERSON NURSING HOMES, INC.
ET AL. *v.* BETTIE WALKER

[No. 26, September Term, 1963.]

*Decided October 9, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Charles R. Goldsborough, Jr., Special Attorney,* with whom were *Thomas B. Finan, Attorney General, J. Howard Holzer, Special Assistant Attorney General,* and *J. Raymond Buffington, Jr., Special Attorney,* on the brief, for appellants.

*Emanuel H. Horn,* for appellee.

HAMMOND, J., delivered the opinion of the Court.

The corporate appellant is a nursing home at which the appellee, an experienced practical nurse, was injured while wheeling her patient in a wheel chair. Appellee's claim for workmen's compensation was denied by the Commission, which held she was not an employee at the time of the injury, and granted by Judge Allen on appeal, sitting without a jury in the Baltimore City Court, who held that she was.

Mrs. Alexander Whitney, who had had a stroke, was an invalid patient in the Home. Her nephew, George Penniman, who was familiar with her financial and personal affairs, visited her daily. He asked the Home to obtain special nurses. As an accommodation, the administrator of the Home called the Baltimore Nurses Exchange and requested three nurses, one for each eight-hour shift. Mrs. Webster of the Exchange selected the nurses, including Mrs. Walker, the appellee, and the shift each nurse was to work, assigning the seven to three shift to Mrs. Walker. She was told that her one patient would be Mrs. Whitney. Her rate of pay was standard at that time, $13.50 a day, as she knew.

Mrs. Walker had taken a course in practical nursing for a year and a half and since had had thirteen years' experience as a practical nurse. She needed no instructions as to how generally to care for her patient.

When Mrs. Walker first came on the case, she introduced herself to the administrator of the Home, who took her upstairs and introduced her to Mrs. Whitney. While she was on duty, Mrs. Walker was solely responsible for Mrs. Whitney's care. She had no duties in regard to, nor any responsibility for, any other patient. She did no work for the Home. Mrs. Walker received her instructions as to treatment for Mrs. Whitney

from the latter's personal physician, either directly if she were on duty when he made his visit, or from another nurse if she were not.

The Home had no control over Mrs. Walker's duties as long as she conformed to the general standards of orderly and proper governance of the Home. If she had been guilty of impropriety —coming in drunk was suggested as a hypothetical example— the Home would have temporarily supplied another nurse and requested Mrs. Whitney's family to discharge her because the reputation of the Home otherwise would be damaged.

The Home as a matter of convenience paid Mrs. Walker and the other two nurses weekly and was reimbursed from Mrs. Whitney's trust income monthly, at the same time it was paid for drugs, medicines and newspapers it procured for her. The Home did not carry Mrs. Walker on its records as an employee and did not withhold Federal or State income taxes or Social Security taxes from the amounts advanced to her weekly. Mrs. Whitney paid the Home Mrs. Walker's bill for board.

The Home and its insurer contend that Mrs. Walker was either an independent contractor or an employee of Mrs. Whitney and, in any event, was not its employee.

We recently reiterated, in *Marine v. Service Trucking Co.*, 225 Md. 315, 318, the holding of *Sun Cab Co. v. Powell*, 196 Md. 572, that the words "employer" and "employee" in the Compensation Act are the equivalent of and synonymous with the words master and servant, and therefore the rules for determining the existence of the relation of employer and employee under the Act are the same as the common law rules for ascertaining the relation of master and servant.

The *Marine* case points out that the most important and really decisive common law test is whether there is a *right* to control and direct the worker in the performance and manner of doing the work. In addition to the test of the right to control and direct, other criteria, such as the selection and engagement of the worker, the payment of wages, the power of dismissal, whether the work is a part of the regular business of the employer, and whether the parties believe they were creating the relationship of master and servant have been referred to in the cases. *L. & S. Co. v. State Accident Fund,* 221 Md.

51, 57; *Keitz v. National Paving Co.,* 214 Md. 479, 491; *Charles Freeland v. Couplin,* 211 Md. 160, 169; *Sun Cab Co. v. Powell, supra.*

1 Restatement, *Agency,* 2d, Sec. 220, adds two additional considerations here pertinent: (a) whether the work is usually done, in the environment, under direction of the employer or by a specialist, without supervision, and (b) the skill required in the occupation.

Under none of these tests was Mrs. Walker an employee of the Home. Although she testified that the head nurse or a floor nurse told her what to do in her work, cross-examination revealed that they merely transmitted to her, on occasions, the instructions left by Mrs. Whitney's personal physician when he came to the Home when Mrs. Walker was not on duty. Apart from Mrs. Walker's characterization of control, all the testimony is to the effect that the Home had no right to, and did not, control Mrs. Walker's performance of her nursing duties, reserving only the right to demand that she comport herself in a manner compatible with the ordinary accepted atmosphere and conduct of a nursing home. There might have been suggestions or advice by the administrator to Mrs. Walker as to her care of Mrs. Whitney, but there was no authority to give her particular directions or to control her services by assigning her other duties. In a comparable situation the Supreme Judicial Court of Massachusetts held, in *McDonald's Case,* 187 N. E. 2d 388, that the fact the nurse was subject to the "regulations for the orderly governance of the hospital" did not make her an employee. We find the case persuasive.

Mrs. Walker was not selected by the Home but by the nurses registry who sent her to the engagement at the Home. The Home did not have an obligation to, nor did it, except as agent for Mrs. Whitney, pay Mrs. Walker's salary. As a courtesy it advanced the salary in reliance on and anticipation of reimbursement. The Home's only charge to Mrs. Whitney was $85.00 a week for room, board and general care as one of its various patients. Its weekly charge remained $85.00 a week after the private nurses came on duty. Mrs. Walker's statement that the Home paid her wages can be taken to mean only, under the evidence, that it physically handed her the wages. In a fac-

tual situation, indistinguishable on any material point from that before us, it was held in *Brown v. St. Vincent's Hospital*, 226, N. Y. S. 317, that the nurse claiming workmen's compensation was not an employee of the hospital. The Court said (p. 321):

> "It is true that the pay of the claimant was delivered to him by an official of the hospital. This was only a matter of convenience to the employer, who reimbursed the hospital without profit for the money so advanced. Likewise the employer paid for meals furnished claimant at the hospital, which was also a convenience to the patient. Proof of such agency does not establish an implied contract of employment."

The Home had no power to dismiss Mrs. Walker. It would request her dismissal if she were derelict in her duties or unpleasant or unseemly in her behavior. The record shows that the Home itself did not furnish private nurses to its patients. The parties gave no suggestion that they believed the relation of employee and employer existed between the nurse and the Home. It did not carry Mrs. Walker as an employee on its records. It made none of the deductions from her wages which an employer is called on to make from the wages paid an employee. Mrs. Walker knew she was to care only for Mrs. Whitney. Her pay and hours of work were established for her by others than the Home. She was aware that no deductions were made from her pay. Instructions were given her by Mrs. Whitney's doctor.

The testimony was that Mrs. Walker held herself out as a trained, experienced, private duty practical nurse, a specialist who needed no instructions in the ordinary care of her patient and who could follow particular instructions of the doctor, such as the preparation and use of syringes, without supervision.

It has been held that a registered nurse on private duty is an independent contractor, not an employee either of the patient or the hospital in which she cares for him. *In re Renouf* (N. Y.), 173 N. E. 218, 219; *Chmizlak v. Levine* (Workmen's Comp. Bureau, N. J. Dep't of Labor), 27 A. 2d 629; *Fisher v. Sydenham Hospital*, 26 N. Y. S. 2d 389, 390. *Cf. State Compensa-*

*tion Ins. Fund v. Industrial Acc. Com'n* (Ct. App. Cal.), 268
P. 2d 40; *La Barge v. Mercy General Hospital,* 208 N. Y. S.
2d 340.

We need not decide whether Mrs. Walker was a servant of
Mrs. Whitney or an independent contractor, only whether she
was an employee of the Home. It is clear, we think, that she
was not.

> *Order reversed, with costs, and*
> *order of Workmen's Compensa-*
> *tion Commission reinstated.*