86 N.J. Super. 100 (1965)
206 A.2d 167
ANDRES V. PIAZZA, PETITIONER-RESPONDENT,
v.
PRINCE'S FARM, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 21, 1964.
Decided January 4, 1965.
*101 Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
Mr. Arthur F. Mead argued the cause for appellant (Messrs. Mead, Gleeson, Hansen & Pantages, attorneys).
Mr. Seymour B. Jacobs argued the cause for respondent (Messrs. Balk & Jacobs, attorneys).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
This appeal involves the right to compensation of a resident employee who was continuously on *102 call and was injured off the premises while returning from posting a letter. The Workmen's Compensation Division dismissed the claim petition on the ground that the accident did not arise out of and in the course of the employment. On appeal, the County Court reversed and remanded the cause to the Division for the fixing of an award of compensation. This was done and, upon return of the award to the County Court, the judgment here under appeal was entered in petitioner's favor.
There is no controversy as to the nature or extent of disability, the basic issue being the compensability of the accident sustained by the employee. The facts are undisputed; they are based on petitioner's unchallenged testimony.
Petitioner is a non-English speaking farm laborer who had to testify through an interpreter. He had come from Puerto Rico to work on respondent's farm in Springfield, N.J., and had been in his employ for about 4 1/2 months prior to the accident. The employer furnished petitioner with living quarters as part of his weekly wage. Respondent's farm and the dwelling where petitioner lived were located immediately adjoining the eastbound lane of Route 22 at Springfield.
Petitioner was on call 24 hours a day. He testified: "I had to go to work any time they call me, either night or day."
The accident happened on Sunday evening, August 28, 1960. Petitioner had worked until 2 P.M. and then returned to his quarters. It was his custom to mail a letter every Sunday evening to his wife and children back in Puerto Rico, and he would deposit it in the nearest mailbox, located at the corner of Hillside and Springfield Avenues in Springfield. After supper on the Sunday evening in question petitioner wrote his usual letter and then went out to post it. He followed his regular route to the mailbox, crossing the eastbound lane of Route 22 in front of his dwelling to the center island, then crossing the westbound lane to the junction of the highway and Hillside Avenue, and then up Hillside to its intersection with Springfield Avenue. After mailing the letter he proceeded to retrace his steps homeward. As he was crossing *103 the eastbound lane of Route 22, and just before reaching the gravelled shoulder in front of his dwelling, he was struck by an automobile and injured.
There was an RFD mailbox on the same side of Route 22 as the dwelling, but it was not available to petitioner because it was kept locked and he had no key to it. Respondent provided no other mailing facility, so that petitioner had to use the box at Hillside and Springfield Avenues. To reach it he had to cross Route 22 or walk a distance of some 0.7 of a mile along the easterly side of the highway to an overhead bridge crossing Route 22 to a street, and then walk along that street an additional 0.3 of a mile to the mailbox.
The compensation judge dismissed the claim petition for the reasons that what petitioner was doing at the time of the accident was purely personal since he was "not engaged in pursuing any activity required or contemplated by the parties in connection with or in furtherance of the contract of employment"; there was no mutual benefit involved in the case, and what petitioner was doing was "not even within the area of a minor deviation as referred to * * * in Secor v. Penn Service Garage, 19 N.J. 315 (1955)." He further found that the doctrine of positional risk did not apply since petitioner was on a personal errand at the time of the accident.
On appeal the county judge concluded that as a resident employee on call any hour of the day or night, petitioner must be considered as having been continually in the course of his employment. His temporary departure from the farm dwelling for the purpose of mailing a letter was an insubstantial deviation. Accordingly, the injury he suffered arose out of and in the course of his employment. We agree.
The language of the Compensation Act, R.S. 34:15-1, that an employee injured "by accident arising out of and in the course of his employment" shall receive compensation therefor from his employer, provided the employee was himself not willfully negligent, has been defined and applied with increasing liberality. An accident arises "in the course of" employment "if it occurs while the employee is doing what a *104 man so employed may reasonably do within a time during which he is employed, and at a place where he may reasonably be during that time." Bryant, Adm'x v. Fissell, 84 N.J.L. 72, 77 (Sup. Ct. 1913), quoted with approval in Secor v. Penn Service Garage, 19 N.J. 315, 320 (1955). And see Crotty v. Driver Harris Co., 49 N.J. Super. 60, 69 (App. Div. 1958), certification denied 27 N.J. 75 (1958). In our view, the requirements of this definition have been met. Petitioner was required to live on the premises, both by his contract of employment and by the nature of that employment. He was continuously on call. Further, the injury he suffered was a risk definitely attributable to the conditions under which he lived. Accordingly, that injury was suffered "in the course of his employment," and it is of no moment that he was not actually at work at the instant of the accident. Such is the current state of the law. See 1 Larson, Workmen's Compensation Law, §§ 24.10 and 24.23, pp. 372 and 378 (1964).
There is no question but that a resident employee who is injured on his employer's property can recover compensation, and there is no requirement that such an employee actually be engaged in his employment at the time of the injury. Jasnig v. Winter, 115 N.J.L. 320, 322 (Sup. Ct. 1935), affirmed o.b. 116 N.J.L. 181 (E. & A. 1936); Joy v. Florence Pipe Foundry Co., 64 N.J. Super. 13, 21-22 (App. Div. 1960); Brooks v. Dee Realty Co., Inc., 72 N.J. Super. 499 (App. Div. 1962). This being so, "it is but a small step to say that the injury need not occur on the premises, so long as the continuity of employment is maintained during the activity off the premises." Larson, op. cit., § 24.23, p. 378. Cf. Robinson v. Levy, 20 N.J. Misc. 444, 28 A.2d 651 (W.C.B. 1942); Clapham v. David, 232 App. Div. 458, 251 N.Y.S. 245 (App. Div. 1931).
An employee who, within the time and place of his employment, ministers to a personal need does not thereby necessarily leave the course of his employment. He can be said to have done so only if the extent of the departure is so *105 great that an intent to abandon the job temporarily may be inferred  a situation not spelled out by the facts of this case. See Crotty v. Driver Harris Co., above, 49 N.J. Super., at page 70; cf. Jones v. Continental Electric Co., Inc., 75 N.J. Super. 76, 79 (App. Div. 1962), certification denied 38 N.J. 312 (1962). The employment agreement required petitioner's continued presence on the farm. As the trial judge observed, there is no evidence that the employer had any rules or gave any instruction as to the time and opportunity for petitioner to satisfy his personal needs. Separated from his family in Puerto Rico, it was obvious that petitioner would be expected to communicate with them. There was no mailbox available to him on the farm premises, and respondent had made no arrangements to provide facilities for sending mail. The trial judge found it not an unreasonable assumption that the employer contemplated that the employee would leave the premises on occasion to maintain communication with his absent family. So do we.
We find no difference in principle between what petitioner did here in leaving the premises for a short while to mail the letter to his family and the acts of any other employee in satisfying his human and personal needs. See Secor v. Penn Service Garage, above, 19 N.J., at page 321. Petitioner was provided with lodging only; he had to get his own food. Had he gone across Route 22 to the "Farmer's Market," located a short distance further down Springfield Avenue from the mailbox, it could not be said that such a trip was not within the employer's contemplation or represented other than a slight deviation from the employment. Under the facts of this case, there can be no real distinction made between satisfying physical human needs and those which minister to the employee's state of mind and morale.
The facts here also satisfy the requirement that the injury petitioner suffered arose "out of" his employment. The accident was the result of "a risk reasonably incidental to the employment," Bryant, Adm'x v. Fissell, above, 84 N.J.L., at page 76; there existed "a causal connection between the *106 injury and the employment." See Crotty v. Driver Harris Co., above, 49 N.J. Super., at page 71.
The situation would be different had respondent provided for mailing on the farm premises, or had there been an overpass or other safe method of traversing Route 22. Neither was available to petitioner; the physical situation which he faced was simply this  that whether he wanted to go to Springfield Avenue to buy food or drugs, or to the corner of Hillside and Springfield to mail his weekly letter, he had to cross Route 22 or take a long, roundabout route which, for a distance of 0.7 of a mile over and 0.7 of a mile back would expose him to the traffic hazards of the sidewalkless highway. There was a definite causal relation between the injury and petitioner's living in a dwelling on the margin of the highway.
The "positional" or "but-for" test adopted in this jurisdiction applies. Sanders v. Jarka Corp., 1 N.J. 36, 41 (1948); Gargiulo v. Gargiulo, 13 N.J. 8, 13 (1953), affirming 24 N.J. Super. 129 (App. Div. 1952); Howard v. Harwood's Restaurant Co., 25 N.J. 72, 82 et seq. (1957); Crotty v. Driver Harris Co., above, 49 N.J. Super., at page 72. We consider the facts of this case as meeting the standard of reasonable probability required for application of the "but-for" test  i.e., it is more probably true than not that the accident would have occurred at the time and place it did rather than elsewhere.
We conclude that petitioner suffered an accident arising out of and in the course of his employment. Cf. the somewhat analogous factual situations in Robinson v. Levy, above, 20 N.J. Misc. 444, 28 A.2d 651 (W.C.B. 1942); Game and Fish Dept. v. Pardoe, 147 Colo. 363, 363 P.2d 1067 (Sup. Ct. 1961); and Cavalcante v. Lockheed Electronics Co., 85 N.J. Super. 320 (Cty. Ct. 1964); Markholz v. General Electric Co., 13 N.Y.2d 163, 243 N.Y.S.2d 853, 193 N.E.2d 637 (Ct. App. 1963), the latter two cases dealing with traveling employees who left their work base.
Affirmed.