620 A.2d 452

JOAN SWILLINGS, PLAINTIFF–APPELLANT, v. YOG R. MAHENDROO AND KANTA MAHENDROO, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted January 26, 1993—Decided February 16, 1993.

Before Judges ANTELL, DREIER and VILLANUEVA.

*Lerner & Piermont,* attorneys for appellant (*Michele L. Waldman,* of counsel and on the brief).

*Harwood, Lloyd, Ryan, Coyle & McBride,* attorneys for respondents (*Anthony M. Carlino,* of counsel; *John J. Robertelli,* on the brief).

The opinion of the court was delivered by

VILLANUEVA, J.S.C. (temporarily assigned).

Plaintiff appeals from a summary judgment dismissing her personal injury action based upon the finding that she was an employee and, therefore, barred from bringing an action by *N.J.S.A.* 34:15–8.

Plaintiff, a registered nurse working in the home of the defendants Yog and Kanta Mahendroo, allegedly slipped and fell in their residence. Plaintiff sustained a severe ankle fracture.

Defendants originally retained plaintiff through the Nurses Registry at Mt. Sinai Hospital when defendant Kanta Mahendroo was hospitalized in November and December, 1988. Upon defendant's release from the hospital, plaintiff was requested by defendant Yog Mahendroo to continue caring for his wife, Kanta, at their home. Plaintiff agreed to do so.

Plaintiff continued her private duty nursing care of Kanta in defendants' home, providing her complete care. Defendant Yog paid her by check of $380 per day for a twelve-hour shift. There was no showing that defendants deducted anything for withholding taxes, social security or unemployment compensation, or filed any federal or state tax returns required of employers. Plaintiff's principal duty was to operate a suction machine for respiratory emergencies. On April 14, 1989, plaintiff went down to the garage of defendants' house where the garbage cans were kept to throw away a used catheter and while there, at Kanta's request, to place a basket on a shelf. Plaintiff slipped and fell on an oil residue.

Plaintiff's own medical insurance covered her medical expenses, but she received no State Disability or Workers' Compensation benefits for her period of incapacitation.

After plaintiff filed this complaint for personal injuries, defendants, in their answer, asserted that as plaintiff was an employee, the claim was barred by *N.J.S.A.* 34:15–8. Because plaintiff's status as an independent contractor was disputed in this action, plaintiff also filed a timely Workers' Compensation Employee Claim Petition [1] against these defendants. Plaintiff's status was denied in both actions; *i.e.* the liability carrier herein claims plaintiff was an employee and subject to the laws of Workers' Compensation; and the Workers' Compensation insurance carrier claims she was an independent contractor ineligible for Workers' Compensation benefits, but capable of maintaining the within action.

Defendants filed a motion for summary judgment to dismiss the complaint. The motion judge found that plaintiff was an employee and dismissed her liability complaint. The judge determined that because defendants paid plaintiff directly, controlled her actions, could fire her if they were unhappy with her services, and plaintiff may have performed various other activities for defendants (such as the placing of the basket on a shelf), her relationship was that of an employee rather than an independent contractor. In addition, the judge noted that he was not presented with evidence concerning how the parties themselves treated the transaction, namely whether they considered plaintiff an employee and if defendants deducted appropriate withholding taxes, social security and unemployment taxes. What the judge overlooked is the fact that although payments were made directly to plaintiff, she continued to forward a percentage to the Nurses Registry through which she had obtained the assignment. In any event, direct payment

---

[1] In that petition she stated, "This claim petition is filed for protective purposes. Petitioner was employed as an independent contractor, however, in the event it is determined that there was an employer-employee relationship between the petitioner and the respondent, then the petitioner reserves the right to prosecute this claim petition accordingly." A pretrial hearing in the compensation case is scheduled for February 17, 1993.

in the personal services professions carry little weight. One personally pays one's physician, attorney, accountant, as well as a plumber, electrician or carpenter, without such persons becoming direct employees. The judge felt he was controlled by the tests in *Smith v. E.T.L. Enter.*, 155 *N.J.Super.* 343, 382 *A.*2d 939 (App.Div.1978). His mechanical application of the *Smith* test was against the overall spirit of the *Smith* opinion (which involved the lessee of a tractor).

■ More appropriately, the judge should have relied upon the registered nurse cases such as *David v. Employers Mut. Ins. Co.*, 124 *N.J.Super.* 377, 307 *A.*2d 123 (App.Div.), *certif. denied*, 63 *N.J.* 580, 311 *A.*2d 3 (1973); *Robinson v. Levy*, 20 *N.J.Misc.* 444, 28 *A.*2d 651 (Dept. of Labor 1942); and *Chmizlak v. Levine*, 20 *N.J.Misc.* 339, 27 *A.*2d 629 (Dept. of Labor 1942). As we stated in *David v. Employers Mut. Ins. Co.*, *supra:*

> It is the general rule that when a nurse who offers professional service to the public is privately engaged to look after a patient in a hospital, she does not ordinarily become the employee of the patient, or the patient's spouse or employer, whichever of them may have procured her services. In such case she is ordinarily an independent contractor. (Citations omitted). [*David*, 124 *N.J.Super.* at 380, 307 *A.*2d 123.]

The court in *David* found it unnecessary to use the traditional tests of "control" or "relative nature of the work." Rather, the court viewed a registered nurse hired for private duty as an independent contractor. The court found that because plaintiff had responded to a call from the nurses' registry and she cared for the patient in accordance with the physician's instructions, she thereby retained her status of independent contractor. *Id.* at 381, 307 *A.*2d 123.

Also, much like the employees both in the *David* and the *Chmizlak* cases, plaintiff had been employed to provide skilled nursing services, and not to do household work, as in *Robinson*. Plaintiff's status as an independent contractor did not change because she occasionally performed minor household services (such as getting her patient water, food or a blanket or putting

some item on the garage shelf). The court accepted the fact that plaintiff did not cook or clean, but would do individual tasks for Kanta to make her life easier, such as getting her some food, or a drink of water, or assist her in going to the bathroom. As noted during oral argument of the motion, part of the profession of nursing is to provide tender loving care.

Plaintiff performed her nursing duties independently, without any supervision or control on the part of the defendants. Plaintiff was required to exercise discretion and professional expertise in the operation of specific machines designed to treat the patient for a specific illness. She dispensed prescribed medication, operated defendant's ventilator and monitored her condition. Decisions with respect to timing of suctioning and operation of a ventilator, the very breath of life, could not be monitored, determined, or done by the defendants. This is the reason defendants required the professional nursing services of plaintiff.

Plaintiff worked twelve hours a day and another nurse worked the other twelve. Plaintiff worked under doctor's orders, based upon her own medical knowledge. She was retained as a professional and a specialist to operate the suction machine. In fact, the only significant difference between this case and *David* is that here, when the nurse continued to work on her assignment after the patient left the hospital, she billed the patient, while in *David*, because there was an insurance company paying the medical bills, the nurse billed the insurance company.

Based upon these facts, there was no bonafide dispute that plaintiff was an independent contractor. Therefore, the court erroneously granted summary judgment to defendants to dismiss the complaint.

Reversed and remanded for entry of an order denying defendants' motion for summary judgment.