Wilda J. HUTCHISON,
Plaintiff/Respondent,

v.

ST. LOUIS ALTENHEIM,
Defendant/Appellant.

No. 62859.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 3, 1993.

John F. Sander, St. Louis, for defendant/appellant.

E. Thomas Liese, St. Louis, for plaintiff/respondent.

GRIMM, Judge.

Aide was injured while working at nursing home as a private duty nurse's aide. Nursing home appeals the Labor and Industrial Relations Commission's award of compensation. We affirm.

Nursing home raises five points of error. It alleges: (1) no employer-employee relationship existed; (2) aide was not permanently and totally disabled; (3) aide was not entitled to future medical benefits; (4) the compensation rate was not based on substantial and competent evidence; and (5) the court erred in excluding a medical record from evidence.

## I. Employment Status

Nursing home alleges aide was not acting as its employee when her injury occurred. It asserts that she was either an independent contractor or an employee of resident.

On all issues, our review is limited to a determination of whether the Commission's award is supported by competent and substantial evidence of the whole record. *Roby v. Tarlton Corp.*, 728 S.W.2d 586, 587 (Mo.App.E.D.1987). All evidence and inferences are viewed in a light most favorable to the award, and the award will be set aside only if the Commission's findings are contrary to the overwhelming weight of the evidence. *Carron v. Ste. Genevieve Sch. Dist.*, 800 S.W.2d 64, 67 (Mo.App.E.D.1990). We cannot substitute our judgment for that of the Commission even if we would have made a different initial finding. *Id.*

Generally, someone "who is sent for by a particular patient to look after him while in the hospital does not ordinarily become an employee of the patient or of the hospital." 1B ARTHUR LARSON, THE LAW OF WORKMEN'S COMPENSATION § 45.32(c) (1993) (footnotes omitted). However, employment status must be determined on the peculiar facts of each case. *Viselli v. Missouri Theatre Bldg. Corp.*, 234 S.W.2d 563, 566 (Mo.1950); *Griffin v. Sinks Ford Sales*, 413 S.W.2d 856, 858 (Mo.App.S.D.1967). The peculiar facts before us provide sufficient evidence to justify the Commission's determination that aide was an employee of nursing home.

Missouri Worker's Compensation Law defines an "employee" as a "person in the service of any employer ... under any contract of hire, express or implied, oral or written...." § 287.020.1, RSMo 1986. The pivotal question in determining the existence of an employer-employee relationship is whether the "employer had 'the right to control the means and manner of the service, as distinguished from controlling the ultimate results of the service.'" *Howard v. Winebrenner*, 499 S.W.2d 389, 395 (Mo.1973) (quoting *Gass v. White Superior Bus Co.*, 395 S.W.2d 501, 504 (Mo. App.S.D.1965)).

Several factors must be examined to determine if a right to control existed. They are: (1) the extent of control, (2) the actual exercise of control, (3) the duration of the employment, (4) the right to discharge, (5) the method of payment, (6) the degree to which the alleged employer furnished equipment, (7) the extent to which the work is the regular business of the alleged employer, and (8) the employment contract. *Howard*, 499 S.W.2d at 395; *Hinton v. Bohling Van & Storage Co.*, 796 S.W.2d 87, 89 (Mo.App.E.D.1990). No one of these factors is dispositive, but each is relevant to the issue. *Id.*

Applying the above factors, we find that nursing home exerted sufficient control over aide to establish an employer-employee relationship. In May, 1987, aide filled out a nursing home application form seek-

ing employment with nursing home. In December, 1987, nursing home's supervisor of nursing interviewed and selected aide as a private duty nurse for resident. Supervisor told aide at that time that she "had to assist other patients" and other employees when they needed her. When supervisor took her to resident's room, supervisor commented to resident that "this is the lady that I hired to look after you."

Aide provided some services for resident that other aides would not be expected to do, such as shopping and running errands. However, she also provided a substantial amount of resident's basic care, which a regularly hired aide would normally provide, such as bathing, feeding, and straightening the bed.

As a condition of her employment, nursing home required aide to undergo the same orientation as other employees. Nursing home would only allow her to work if she was a qualified nurse's aide. If aide left the floor for any reason, nursing home required her to check in and out with supervisor. When aide called in sick, she reported to supervisor, not resident.

Supervisor checked to be sure aide was at work. Aide used nursing home's time clock to keep track of the number of hours she worked. Supervisor signed time cards and sent them to a bank. The bank then paid aide out of resident's trust. We note, however, that payment of wages alone does not create an employer-employee relationship. *See Smith v. 37th Judicial Circuit,* 847 S.W.2d 755, 758 (Mo. banc 1993); *Hill v. 24th Judicial Circuit,* 765 S.W.2d 329, 331 (Mo.App.E.D.1989).

Here, the extent and actual exercise of control by nursing home over aide was substantial. Aide was hired on December 15, 1987; she sustained her injury on November 30, 1988. Thus the duration of her employment was almost one year. Aide helped lift eight or nine patients on the day she was injured. Nursing home provided all equipment aide used in caring for resident. And, obviously, caring for residents is the regular business of nursing home.

The peculiar facts of this case, as found by the Commission, set this case apart from the cases from other jurisdictions on which nursing home relies. *See, e.g., Prince v. Baton Rouge Gen. Hosp.,* 449 So.2d 90 (La.Ct.App.1984), *writ denied,* 450 So.2d 966 (La.1984); *Vaughn v. Baton Rouge Gen. Hosp.,* 421 So.2d 288 (La.Ct. App.1982); *David v. Employers Mut. Ins. Co. of Wausau,* 124 N.J.Super. 377, 307 A.2d 123 (N.J.Ct.App.1973); *Edith A. Anderson Nursing Homes, Inc. v. Walker,* 232 Md. 442, 194 A.2d 85 (1963); *Mac-Donald's Case,* 345 Mass. 766, 187 N.E.2d 388 (1963).

Further, in all of these cases, there was conflicting evidence on the claimant's status. In each, the workers' compensation commission found that the claimant was not an employee and the commission's decision was affirmed. Here, on conflicting evidence, the Commission found that aide was an employee.

The Commission's award is supported by competent and substantial evidence of the whole record. Point denied.

## II. Other Points

We have examined nursing home's four other points. The Commission's order is supported by competent and substantial evidence of the whole record. No error of law appears. An extended opinion discussing those four points would have no precedential value. The four points are denied.

The Commission's award is affirmed.

CRANDALL, P.J., and SIMON, J., concur.