STATE of Missouri at the Relation of CONSOLIDATED UNDERWRITERS, Relator,

v.

J. R. ROSE, R. W. Atkeson, and Charles E. Cates, Members of Industrial Commission of Missouri, Respondents.

No. 22944.

Kansas City Court of Appeals.

Missouri.

April 1, 1959.

Alder & Morrison, John J. Alder, R. Robert Cohn, Kansas City, for relator.

Dwight Roberts, Kansas City, for respondents.

PER CURIAM.

This is an original proceeding in mandamus to compel the Industrial Commission of Missouri to assume jurisdiction and hear de novo the Workmen's Compensation claim of Betty Smith Ott against the Kansas City ·Club, and Consolidated Underwriters, relator. The alternative writ was issued; return thereto was filed, and the matter is now pending upon motion of relator for judgment and issuance of the peremptory writ under the pleadings.

The controversy arises solely from an opinion of this court in Ott v. Consolidated Underwriters, Mo.App., 311 S.W.2d 52, 54. The only issue is the proper interpretation of that opinion in which the Commission's finding against Betty Smith Ott, claimant, was reversed and the cause remanded "for a rehearing of this claim". The Commission (respondents) has construed our opinion to rule that Betty Smith Ott was an employee at the time of the alleged injury; that her injuries arose out of and in the course of her employment; that such issues are now res judicata; and a rehearing thereon is thereby precluded. The relator-company interprets the opinion as a simple "Reverse and Remand", which requires a new trial or new hearing de novo before the Commission on all issues.

That this court, from the standpoint of both jurisdiction and venue, has both the authority and responsibility of enforcing compliance with its opinion and mandate, seems so clear, certain and generally understood as to make citation of authorities unnecessary.

For a complete statement of facts reference is made to the opinion in Ott v. Consolidated Underwriters, supra. However, the Commission ruled Mrs. Ott was not an employee "because she testified in depositions taken in connection with a common law action that she had against the Kansas City Club, arising out of the same accident, that she was going to seek other employment and a better job if possible". The deposition or depositions referred to in the Commission's finding were not signed by claimant. She did not admit the correctness of the answers and the stenographer who transcribed the deposition notes was not called as a witness. This court held such depositions were not properly received in evidence and reversed the judgment of the circuit court affirming the Commission's finding bottomed thereon, and remanded the cause "for a rehearing of this claim".

Respondents in their brief and in support of their interpretation offer the following excerpt from the last part of the next to last paragraph of the opinion (311 S.W.2d 57): " * * * we have concluded that claimant was an employee and in the service of. an employer all within the meaning of the act when her injury occurred. Also for the reasons heretofore given in this opinion we hold that her resultant injuries did arise out of and in the course of her employment". · Read out of context and

standing alone, we can understand this quotation could be interpreted as a final determination that claimant was an employee, that her injuries arose in the course of her employment and that such determination could not be retried.

However, the final paragraph in the opinion, which follows immediately after the quoted part, continues as follows: "What we have said above is based on the record now before us, and based on that record, the judgment of the circuit court affirming the order of the Industrial Commission should be and is reversed, and this cause is remanded to the circuit court with instructions to reverse the findings of the Industrial Commission and to remand the cause to the Industrial Commission for a rehearing of this claim".

We believe that full consideration of the opinion leads to these conclusions: First, the depositions were not properly received in evidence. Second, that part of the Commission's finding specifically based on such depositions is not supported by competent evidence, cannot be permitted to stand, and is reversed. Third, without the depositions, the claimant was an employee and the opinion clearly states such conclusion is "based on the record now before us". Fourth, the finding of the Commission against claimant is (1) reversed, and (2) the cause is remanded "for a rehearing of this claim".

 It is not, we think, necessary to review the authorities as to the meanings of "reverse" and "remand". We believe the opinion clearly (1) reversed the finding against claimant, and (2) ordered a rehearing of the claim.

It follows, therefore, that the Commission, in order to comply with such opinion, should give notice and hold a rehearing de novo upon this claim.

Accordingly, for that purpose our alternative writ in mandamus is made peremptory.