Kenneth COPE, Respondent,

v.

HOUSE OF MARET, Appellant.

No. 52277.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 12, 1987.

Daniel J. Harlan, St. Louis, for appellant.

John D. Schneider, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Kenneth Cope, respondent, filed a claim under the Worker's Compensation Act against appellant, The House of Maret (hereinafter referred to as appellant or "Mr. Maret"). The Missouri Labor and Industrial Relations Commission ("Commission") upheld an award in favor of respondent. Appellant raises four points on appeal: (1) the Commission erred in its determination that respondent was an employee and not an independent contractor; (2) the Commission erroneously awarded temporary total, and permanent partial, disability; (3) the award of $470.00 for medical expenses was unsupported by substantial and competent evidence; and (4) the Com-

mission erred in its computation of respondent's rate of compensation. Finding no reversible error, we affirm.

The record reveals that Robert Maret, owner and operator of The House of Maret, a restaurant in St. Louis, Missouri, hired Mr. Cope to paint the exterior of the restaurant. Their oral agreement determined that Mr. Cope would receive $6.00 per hour. Mr. Cope was injured on June 2, 1984, when he fell from a ladder while painting the exterior of The House of Maret.

The facts are a matter of dispute. Viewed in the light most favorable to the Commission's award, they are as follows. Mr. Maret testified, via deposition, that he hired Mr. Cope to paint the building and understood that Mr. Cope would work at his own pace. He also acknowledged that he knew Mr. Cope not to be a professional contractor, but he did not consider him to be an employee. Mr. Maret did not have Mr. Cope fill out an employment application or related papers of employment; he did require Mr. Cope to punch a time clock and paid him on the same dates as regular employees. Mr. Maret stated that he did not give Mr. Cope specific instructions on how to perform his job except once when he directed him to paint at a more opportune time to avoid customers. He stated that he provided the ladder for Mr. Cope to use, but claimed that Mr. Cope provided the other equipment. Mr. Maret also admitted to having directed Mr. Cope to perform other tasks, such as changing a screen, changing a lock, picking up materials at a hardware store, and moving tables inside the restaurant. Mr. Maret also stated that he believed he could dismiss Mr. Cope if dissatisfied with the work being done and do so without incurring any liability.

Mr. Cope testified that his agreement with Mr. Maret allowed him to not work every day, since he was in the midst of helping his sister paint her house in prepration of selling it. However, Mr. Maret's wife threatened to fire Mr. Cope unless he worked on a daily basis and Mr. Cope changed his schedule accordingly. Mr. Cope stated that his equipment included only a few brushes and that Mr. Maret supplied additional brushes, paint, and the ladder. According to Mr. Cope's testimony, Mr. Maret directed him to perform tasks other than painting the building's courtyard, including painting the restaurant's interior and several rooms in the Marets' home as well as those tasks noted above in Mr. Maret's deposition testimony. Further, Mr. Cope stated that Mr. Maret instructed him in his work, such as indicating where to scrape off paint. Finally, in the instance that gave rise to Mr. Cope's accident, Mr. Maret had directed Mr. Cope to position the ladder on which Mr. Cope was working so that it would not be in the driveway. Subsequently, when Mr. Cope turned in response to the honking of one of the business' trucks, he fell from the ladder onto his left side.

The Commission determined that Mr. Cope was an employee and not an independent contractor, and therefore entitled to worker's compensation benefits. This is the central issue to be resolved. The line between employment and independent contractor is not a bright one; in each and every case, all of the relevant factors must be reviewed and then weighed by the trier of the particular case. *See generally*, Larson, *The Law of Workmen's Compensation* (1986) § 43.20. The "ultimate resolution of the existence of the employer/employee relationship (or lack thereof) is a question of law reviewable by this court." *Williams v. City of St. Louis*, 583 S.W.2d 556, 558 (Mo.App., E.D.1979). On appeal, we review the entire record and the decision of the Commission will be upheld if supported by competent and substantial evidence. *Blissenbach v. General Motors Assembly Div.*, 650 S.W.2d 8, 11 (Mo.App., E.D.1983). The reviewing court is obligated to determine if the Commission reasonably made its finding and reached its result after considering all of the evidence. *Fowler v. Monarch Plastics*, 684 S.W.2d 429, 430 (Mo.App., E.D.1984). The reviewing court will defer to the Commission's resolution of conflicting evidence. *Modlin v. Sun Mark, Inc.*, 699 S.W.2d 5, 7 (Mo. App., E.D.1985).

The evidence in the record demonstrates that although Mr. Cope was initially hired

for the distinct purpose of painting only the outside or courtyard of the restaurant, he was later directed to paint the Marets' home, do general repair work and help out in the restaurant. The record also shows that Mr. Maret felt he had the right to fire Mr. Cope without incurring liability. Also, Mr. Maret did not consider Mr. Cope to be a professional painting contractor nor did Mr. Cope consider himself to be one. Mr. Cope was paid at an hourly rate, his hours were recorded by his punching a time clock each morning and evening, and the term of his employment was indefinite. It is Mr. Cope's contention that Mr. Maret instructed him in the performance of his work.

The particular and unique circumstances of the work relationship between Mr. Maret and Mr. Cope led the Commission to the conclusion that what began as an employer-independent contractor relationship evolved into that of an employer-employee one. The right of an employer to fire an employee without incurring breach of contract liability is an indication of an employer-employee relationship. *Pratt v. Reed & Brown Hauling Co.*, 361 S.W.2d 57, 63–64 (Mo.App., W.D.1962). The exercise of control over the work of another is a strong indicator of an employer-employee relationship, *Pratt*, 361 S.W.2d at 63, as is the payment of an hourly wage, *Ceradsky v. Mid-America Dairymen, Inc.*, 583 S.W.2d 193, 196 (Mo.App., W.D.1979), quoting *Restatement of the Law of Agency (Second)* § 220(2). We hold that there was competent and substantial evidence to support the Commission's finding. Point denied.

Mr. Maret claims in his second and third points that the Commission's finding of temporary total, and permanent partial, disability and its award of $470.00 in medical expenses was unsupported by substantial and competent evidence and against the weight of the evidence. As these points are related, we treat them together.

The Commission determined that Mr. Cope was unable to work for a period of 16 2/7 weeks due to the fall from the ladder. Dr. France Alexander, who treated Mr. Cope, reported that he medically "cleared" Mr. Cope from the effects of the fall as of September 24, 1984. It was reasonable for the Commission to conclude that Mr. Cope had been unable to work from the date of the fall until cleared by Dr. Alexander on September 24, 1984, a total of 16 2/7 weeks, and therefore entitled to temporary total disability.

Mr. Cope had a history of kidney and urinary tract problems stemming from a 1975 automobile accident which required surgery for a decompressed spine and spinal fusion. Furthermore, Mr. Cope was involved in a minor automobile accident on June 20, 1984, approximately three weeks after the fall. The examining physicians concurred that Mr. Cope's fall resulted in soft tissue injuries. Dr. Alexander's report noted injury to Mr. Cope's left shoulder, left side, and left hip as well as an exacerbation of his chronic urinary tract infection and aggravated low back pain. Mr. Maret's examining physician, Dr. Graff, reported a 7.5% permanent partial disability of the man as a whole based on residual findings of the left trapezius and an aggravation of the pre-existing spine disability. Mr. Cope's examining physician, Dr. Morrow, rated the permanent partial disability at 25% referable to the left shoulder. The Commission awarded Mr. Cope a 12.5% permanent partial disability of the man as a whole. Despite Mr. Cope's significant pre-existing medical problems, we find that the Commission's finding was reasonable and supported by the evidence. Point two is denied.

The award of $470.00 for medical expenses owed to Dr. Alexander for reasonable and necessary services was not against the overwhelming weight of the evidence. Point three is denied.

Finally, Mr. Maret claims that the Commission erred in its determination of the rate of compensation because the rate it applied was unsupported by competent and substantial evidence, was against the overwhelming weight of the evidence, and was not in conformity with the Worker's Compensation Act. The Commission, pursuant to § 287.250(4), RSMo 1978, applied

the 300–day rule in this case. Mr. Maret, citing § 287.250(5), argues that the 200–day rule applies because Mr. Cope was a seasonal worker whose daily wage should be multiplied by a factor of 200 to compute his compensation even though the employer operates his or her business 300 days a year. Mr. Maret also quarrels with the fact that the Commission calculated Mr. Cope's daily wage on the basis of the days Mr. Cope actually worked rather than on the basis of the number of available work days.

We read the cases concerning the interpretation of the Worker's Compensation Act to say that all doubts are to be resolved in the employee's favor and the benefits of the Act should extend to the largest possible class of workers. Section 287.-800, RSMo 1978; *Page v. Green*, 686 S.W.2d 528, 530–31 (Mo.App., S.D.1985). The evidence indicates that although Mr. Maret initially hired Mr. Cope to paint, which we decline to characterize as either seasonal or non-seasonal work, Mr. Cope was thereafter instructed to perform non-painting tasks not referable to any season. Mr. Maret also indicated that Mr. Cope was hired for an indefinite amount of time. Further, Mr. Maret offered no evidence that the restaurant was not substantially open 300 days a year. Based on the record, the Commission neither erred in applying the 300–day rule to compute the rate of compensation nor in finding Mr. Cope not to be a seasonal worker. The average daily wage employed by the Commission was not against the overwhelming weight of the evidence.

The judgment of the Commission is affirmed.

SIMON and STEPHAN, JJ., concur.