Joyce DAWSON, Appellant,

v.

**HOME INTERIORS & GIFTS, INC., Respondent.**

No. WD 49472.

Missouri Court of Appeals, Western District.

Jan. 17, 1995.

Marvin Tofle, Columbia, for appellant.

Douglas L. Van Camp, Jefferson City, for respondent.

Before FENNER, C.J., P.J., and HANNA and LAURA DENVIR STITH, JJ.

FENNER, Chief Judge.

Appellant, Joyce Dawson, appeals the judgment of the circuit court affirming the decision of respondent, Labor and Industrial Relations Commission (Commission).

The record reflects that Joyce Dawson was training to become a displayer for Home Interiors and Gifts, Inc. (Home Interiors), when she was injured in an automobile accident. Home Interiors is in the business of selling gifts and home interior products through individuals known as displayers. The displayers purchase gifts and home interior products from Home Interiors at wholesale and then sell to customers at a higher retail price.

Products are generally sold through "shows" put on by displayers in individual homes. A Hostess is a woman who opens her home to a displayer for a home decorating show. The Hostess invites other women to attend a show, the displayer makes a presentation and the women place orders for the products.

On November 9, 1987, Joyce Dawson entered into an agreement with Home Interiors where she agreed to sell the company's products as a displayer. Upon Dawson's entering into this agreement, the manager for her area arranged for her to observe presentations of other Home Interiors' displayers. On November 19, 1987, Dawson was accompanying another displayer to observe her presentation when they were involved in a traffic accident. Dawson filed a claim against Home Interiors with the Division of Workers' Compensation for injuries she received in the accident. The Division determined that she did not meet her burden of establishing an employer-employee relationship. That decision was affirmed on appeal to the Commission and also on appeal to the circuit court.

In her appeal herein, appellant argues that the Commission erred by finding that she was not an employee of Home Interiors.

■ On appeal from a decision · of the circuit court affirming a decision of the Labor and Industrial Relations Commission, an appellate court reviews the decision of the Commission, not the decision of the circuit court. *Burns v. Labor & Industrial Relations Comm'n*, 845 S.W.2d 553, 554 (Mo. banc 1993). If supported by competent and substantial evidence and absent fraud, the findings of fact of the Commission are conclusive. *Id.* at 554–55. An appellate court reviews the evidence in the light most favorable to the findings and decision of the Commission and disregards all opposing and unfavorable evidence. *Id.* at 555.

■ Missouri Worker's Compensation Law defines an "employee" as a "person in the service of any employer ... under any contract of hire, express or implied, oral or written...." § 287.020.1, RSMo 1986. The pivotal question in determining the existence of an employer-employee relationship is whether the "employer had 'the right to control the means and manner of the service, as distinguished from controlling the ultimate results of the service.'" *Hutchison v. St. Louis Altenheim*, 858 S.W.2d 304, 305 (Mo. App.1993) (citations omitted).

■ While employment status must be determined on the peculiar facts of each case, several factors must be examined to determine if a right to control existed. They are: (1) the extent of control, (2) the actual exercise of control, (3) the duration of the employment, (4) the right to discharge, (5) the method of payment, (6) the degree to which the alleged employer furnished equipment, (7) the extent to which the work is the regular business of the alleged employer, and (8) the employment contract. *Id.* No one of these factors is dispositive, but each is relevant to the issue. *Id.*

## EXTENT AND EXERCISE OF CONTROL

■ Taken in the light most favorable to the decision of the Commission, the record reflects that Home Interiors exercised little control over Ms. Dawson. As a displayer, Ms. Dawson was free to set her own work hours, take time off her job as she desired, select the merchandise she wished to show and set the number of shows that she wished to conduct. Home Interiors set a suggested retail price for its products, but the displayers were not obligated to sell at the suggested price. Displayers do not receive a paycheck from Home Interiors. Displayers buy the products from Home Interiors and profit by the difference in what they pay and what they sell the product for.

Displayers had control over their sales presentations, not Home Interiors. There was no structured training program. Displayers were trained by going along with other displayers to observe how they conducted a show. Home Interiors had no set policy on how to sell its products. Weekly sales meetings were offered for displayers, but their attendance was not required.

The lack of actual exercise of control by Home Interiors over appellant weighs in favor of an independent contractor relationship.

## DURATION OF EMPLOYMENT AND RIGHT TO DISCHARGE

■ There was no set period of time for which appellant could be a displayer for Home Interiors and either party could terminate the relationship by giving ten days notice under the terms of the contract. This weighs against an independent contractor status. The right of an employer to terminate a relationship without incurring breach of contract liability is an indication of an employer-employee relationship. *Cope v. House of Maret,* 729 S.W.2d 641, 643 (Mo. App.1987).

## METHOD OF PAYMENT

■ Payment of an hourly rate indicates an employer-employee relationship. *Id.* In the case at bar, as a displayer, appellant received no money from Home Interiors. Her payment was the profit she made from selling Home Interiors' products. This weighs in favor of an independent contractor relationship.

## DEGREE TO WHICH ALLEGED EMPLOYER FURNISHED EQUIPMENT

Home Interiors sold a sales kit to its displayers, but it furnished no equipment. Once purchased, the sales kits became the property of the displayers. The fact that Home Interiors did not furnish equipment weighs in favor of an independent contractor relationship.

## EXTENT TO WHICH WORK IS REGULAR WORK OF ALLEGED EMPLOYER

This factor weighs against an independent contractor relationship because selling merchandise through displayers was and is the only way Home Interiors sells its products.

## EMPLOYMENT CONTRACT

The contract entered into between the parties clearly indicated that appellant was an independent contractor. Although this is not dispositive, it weighs in favor of an independent contractor relationship. *Miller v. Hirschbach Motor Lines, Inc.,* 714 S.W.2d 652, 656 (Mo.App.1986).

There was minimal actual control exercised and the majority of the factors considered in determining if a right to control existed support the decision of the Commission. Accordingly, the decision of the Commission finding that appellant was not an employee of Home Interiors is supported by substantial evidence.

Appellant raised two other points where she argues alternative means to determine employee status where the element of control is not readily demonstrable from the evidence. Since we find under appellant's first point that the element of control was demonstrable from the evidence, it is not necessary

for us to address appellant's second and third contentions of error.

Judgment affirmed.

All concur.