Mae E. **LESLIE**, Respondent,

v.

**SCHOOL SERVICES AND LEASING, INC. Appellant.**

No. WD 53412.

Missouri Court of Appeals, Western District.

June 24, 1997.

Mark Hoffmeister, Overland Park, KS, for appellant.

Mae E. Leslie, Raytown, for respondent.

HANNA, Judge.

School Services and Leasing, Inc., appeals from a Temporary or Partial Award of benefits under the Workers' Compensation Act by the Missouri Labor and Industrial Relations Commission to the respondent, Mae E. Leslie. The sole issue on appeal is whether a job applicant who is injured during pre-employment training is an employee for purposes of the Workers' Compensation Act.

Ms. Leslie filled out an application for employment with School Services and Leasing, Inc. (School Services), which is a school bus contractor. Before an applicant can be considered for employment by a school bus contractor, she first must complete certain requirements to become qualified as a school bus driver. After the application process, an applicant is required to submit her driving record to be checked by the Department of Motor Vehicles. This step is followed by an interview, a physical examination, and a drug screening. If an applicant satisfactorily completes these steps, she then must complete forty hours of training. At this point, she becomes eligible to take the Commercial Driver's License test. If the applicant passes the test, she receives a school bus permit which then allows her to be considered for employment as a school bus driver in Missouri. Applicants who successfully complete all of these requirements still are not guaranteed a job with School Services. On the other hand, the successful trainee is not obligated to accept a job with School Services. Applicants who are hired by School Services are not paid until they have been on the job for thirty days, at which time

they then are compensated for the training time.

Ms. Leslie injured her knee during her training on July 13, 1993. She fell while trying to lower a bus window. At the time of her injury, Ms. Leslie had completed approximately twelve of the required forty hours of training. School Services paid for treatment for her knee strain on the same day of the injury but has not provided additional treatment.

Ms. Leslie claimed the need for further medical treatment arising out of her July 13, 1993 injury and for the payment of weekly benefits. The Administrative Law Judge found that Ms. Leslie failed to establish that an employer/employee relationship existed on July 13, 1993 and thereby denied her benefits. The Missouri Labor and Industrial Relations Commission reversed and ordered a Temporary or Partial Award of benefits to Ms. Leslie. School Services appeals this award.

■ As a preliminary matter, the Commission has issued only a temporary or partial award of benefits. Generally, a temporary or partial workers' compensation award is not appealable. *Stufflebean v. Crete Carrier Corp.*, 895 S.W.2d 115, 116 (Mo.App.1995). However, appellate review of such an award is permissible when the question presented is one of liability. *Id.* Because the only issue presented in this appeal is whether School Services is liable as Ms. Leslie's employer, appellate review is possible even though the award is only temporary or partial.

■ The Commission's decision must be upheld if it is supported by competent and substantial evidence on the whole record. *Rooks v. Trans World Airlines, Inc.*, 887 S.W.2d 671, 674 (Mo.App.1994). However, " '[f]indings and awards of the Commission which are clearly the interpretation or application of the law, as distinguished from a determination of facts, are not binding on the court and fall within the court's province of independent review and correction where erroneous.' " *O'Hara v. A.D. Jacobson Co., Inc.*, 909 S.W.2d 381, 386 (Mo.App.1995) (quoting *Davis v. Research Med. Ctr.*, 903 S.W.2d 557, 571 (Mo.App. en banc 1995)). A

finding, such as the one that is at issue here, "that a workers' compensation claimant is or is not an 'employee' represents application of law, ... and is subject to correction by the court of appeals." *Watkins v. Bi–State Dev. Agency*, 924 S.W.2d 18, 21 (Mo.App.1996) (citation omitted).

■ School Services argues that Ms. Leslie is not entitled to benefits because their arrangement did not establish an employer/employee relationship. School Services contends that, because Ms. Leslie was still in the training process, she was not even a qualified candidate for employment, much less one of their employees. She therefore should not be entitled to receive benefits.

■ As the Commission recognized, this is a case of first impression in Missouri. Missouri law requires the Workers' Compensation Act to be construed liberally with a view to the public welfare, which necessitates a liberality calculated to effectuate its purpose and so as to extend its benefits to the largest possible class and restrict those excluded to the smallest possible class. *Ott v. Consolidated Underwriters*, 311 S.W.2d 52, 56 (Mo.App.1958). However, the workers' compensation law "was never designed to operate as accident insurance with blanket coverage as to any and all accidental injuries wherever and whenever received by an employee;...." *McQuerrey v. Smith St. John Mfg. Co.*, 240 Mo.App. 720, 216 S.W.2d 534, 537 (1948).

■ The workers' compensation law defines an "employee" as "every person in the service of any employer ... under any contract of hire, express or implied, oral or written,...." Section 287.020.1, RSMo 1994. A claimant establishes an employer/employee relationship if the claimant worked in the service of the alleged employer and the employer controlled these services. *Gaston v. J.H. Ware Trucking Inc.*, 849 S.W.2d 70, 72 (Mo.App.1993).

School Services contends that, while the employer's right to control the employee test is proper to determine the relationship in certain dual employer or subcontractor/general contractor situations, it is not the proper test when the alleged employee is merely from a pool of applicants being screened for

possible employment. However, it is well-settled in Missouri that the test to determine whether the requisite employer/employee relationship exists is whether the alleged employer controls the manner and means of the employee's service. *See Coy v. Sears, Roebuck & Co.,* 363 Mo. 810, 253 S.W.2d 816 (Mo.banc 1953); *Gass v. White Superior Bus Co.,* 395 S.W.2d 501 (Mo.App.1965). Therefore, we will apply this test to the facts of this case. "The pivotal question in determining the existence of an employer-employee relationship is whether the 'employer had the right to control the means and manner of the service, as distinguished from controlling the ultimate results of the service.' " *Dawson v. Home Interiors & Gifts, Inc.,* 890 S.W.2d 747, 748 (Mo.App.1995) (citation omitted).

■ While a claimant's employment status must be determined on the facts of each case, *Hutchison v. St. Louis Altenheim,* 858 S.W.2d 304, 305 (Mo.App.1993), there are several factors which must be examined to determine if a right to control existed. *Dawson,* 890 S.W.2d at 748. These factors are the following: "(1) the extent of control, (2) the actual exercise of control, (3) the duration of the employment, (4) the right to discharge, (5) the method of payment, (6) the degree to which the alleged employer furnished equipment, (7) the extent to which the work is the regular business of the alleged employer, and (8) the employment contract." *Id.* Each factor is relevant to the issue, but no one factor is dispositive. *Id.*

There is little evidence of the extent and actual exercise of control over Ms. Leslie by School Services. Ms. Leslie was in the pre-employment training stage of the application process. There was undisputed evidence that, in order to complete the application process, Ms. Leslie was required to complete forty hours of training, was given a time sheet to record such hours, and that this training was under the direction of School Services. However, whether Ms. Leslie completed these hours was her voluntary choice and School Services had no authority to compel her to do so. School Services did not exert any actual control over Ms. Leslie as an employee in the sense that they could not control her attendance or performance as an employer would typically control that of an employee.

The decision in *Knupp v. Potashnick Truck Serv., Inc.,* 135 S.W.2d 1084 (Mo.App. 1940), supports the determination that a job applicant engaged in pre-employment training is not an employee under Missouri law. In *Knupp,* the claimant was a student truck driver who was learning the routes, terminals, and manner of handling the freight so that he could become a regular driver. *Id.* at 1090. He was injured in an accident on one of these learning trips. Holding that all preliminary steps and conditions must be performed so that the master/servant relationship is fully completed and perfected, the court found that the claimant was not an employee because he was only a student driver in the process of fulfilling the preliminary requirement of learning the job before he could become a regular driver. *Id.* at 1090–92.

Comparatively, in *Ott v. Consolidated Underwriters,* 311 S.W.2d 52 (Mo.App.1958), the claimant was hired, signed a contract of employment, filled out a W–4 form, had a time card made out for her, and was given instructions to report to work later in the afternoon. *Id.* at 54. After signing the employment contract, Consolidated Underwriters kept the claimant on the premises for approximately twenty minutes while one of its representatives explained her duties, showed her where she would perform those duties, and told her where to exit the premises. When the claimant left, she fell down a flight of stairs and was injured. The court held that, under these facts, there was an employer/employee relationship, entitling the claimant to benefits. *Id.* at 57.

The court in *Ott* specifically states that merely contracting for future employment is not enough, by itself, to qualify a claimant as an employee if the claimant is then injured prior to the initial commencement of the employment. *Id.* Rather, the court found that, in addition to the employment contract, the employer's actions in showing the claimant around and instructing her in her work duties brought the claimant within the employer/employee relationship. *Id.*

School Services was not instructing Ms. Leslie in her work duties, specific routes or her day-to-day duties.

There is a split in authority of other jurisdictions which have considered this issue.[1] The case which is most factually similar to Ms. Leslie's situation is that of *North v. Floyd County Bd. of Educ.*, 212 Ga.App. 593, 442 S.E.2d 809 (1994). In *North*, the claimant had been injured during pre-employment training for the position of substitute bus driver. *Id.* at 810. The claimant was not going to be paid for this training, and she was not guaranteed a position upon successful completion of the training. *Id.* The court found that the level of control by the potential employer was not so compelling as to necessitate a finding of an employer/employee relationship. *Id.* at 811.

Ms. Leslie likewise was injured during pre-employment training. She undertook the training to become eligible for employment. If she successfully completed the training, Ms. Leslie was not obligated to work for School Services if it did offer her a job, in the sense that she could have sought bus-driving employment with another employer. The right to control Ms. Leslie as an employee did not exist. There was no specific duration of employment between Ms. Leslie and School Services. There was no contract of employment and no guarantee of a job even if the application process was successfully completed. Ms. Leslie had not been paid any wages and would not receive any for her training hours unless she was selected for employment. Because the employer/employee relationship requires more than participation in the application process, Ms. Leslie was not an employee of School Services qualifying her for workers' compensation benefits. The decision of the Commission is reversed.

ULRICH, C.J., P.J., and EDWIN H. SMITH, J., concur.

---

1. For other cases which support this decision, see Younger v. City and County of Denver, 810 P.2d 647 (Colo. banc 1991)(denying benefits for injury suffered during pre-employment physical agility test for police department); Cust–O–Fab v. Bohon, 876 P.2d 736 (Okla.Ct.App.1994)(denying benefits for injury suffered during pre-employment welding skills test); Boyd v. City of Montgomery, 515 So.2d 6 (Ala.Civ.App.1987)(denying benefits for injury suffered during pre-employment physical agility test for police department); Sellers v. City of Abbeville, 458 So.2d 592 (La.Ct.App.3d Cir.1984)(denying benefits for injury suffered during pre-employment physical agility test for police department, *cert. denied,* 462 So.2d 1248 (La.1985)).