**Fillipo DiMAGGIO, Appellant,**

v.

**JOHNSTON AUDIO/D & M SOUND, Respondent,**

**Second Injury Fund, Respondent.**

**No. WD 57737.**

Missouri Court of Appeals, Western District.

June 6, 2000.

James P. Krupp, St. Louis, for appellant.

Roland P. Walker, Bruce Farmer, Columbia, for respondent Johnston Audio/D&M Sound.

Jeremiah W. (Jay) Nixon, Atty. Gen., Theodore A. Kardis, Asst. Atty. Gen., Jefferson City, for respondent Second Injury Fund.

Before LOWENSTEIN, P.J., ULRICH, J. and HOLLIGER, J.

ROBERT G. ULRICH, J.

Fillipo DiMaggio appeals the decision of the Labor and Industrial Relations Commission ("Commission") denying his claim for worker's compensation. Mr. DiMaggio claims the Commission erred in affirming the Administrative Law Judge's ("ALJ's") determination that Mr. DiMaggio was neither acting in any employment capacity with Johnston Audio/D & M Sound ("D &

M Sound") nor that Mr. DiMaggio was a statutory employee of D & M Sound. The decision of the Commission is affirmed.

## Factual Background

Viewed in the light most favorable to the Commission's award, the facts are as follows: D & M Sound is a retail business that sells stereo and audio equipment. In 1991, Mr. DiMaggio established a business arrangement with D & M Sound whereby D & M Sound would direct its customers who purchased car stereo equipment to Mr. DiMaggio's business, FilAudio. Mr. DiMaggio's business, operating in a separate location, installed car stereo equipment for the general public including customers referred from D & M Sound and other local stereo equipment retailers. Under the referral arrangement, D & M Sound gave the customer the option of paying D & M Sound for the price of the installation, with D & M Sound then paying FilAudio (after deducting a "service fee"), or the customer could arrange and pay for the installation directly with FilAudio. When the customer brought the car stereo equipment and their vehicle to FilAudio's garage, FilAudio employees would then install the stereo equipment for the customer.

Sometime after this business arrangement was established, Mr. DiMaggio began working as a salesperson at D & M Sound.[1] Mr. DiMaggio worked sporadically, generally filling in when the sales staff was short-handed or during the busy times of the year. D & M Sound would pay Mr. DiMaggio for his services as a salesperson at D & M Sound by making a check payable to "FilAudio" for the gross amount of his wages. Mr. DiMaggio and D & M Sound also had an arrangement whereby Mr. DiMaggio would "work off" speakers and other components that he purchased from D & M Sound.

In September 1994, a customer came to FilAudio's garage to have car stereo speakers installed. Mr. DiMaggio informed the customer that he did not sell speakers and the customer would have to purchase speakers elsewhere and bring them back to FilAudio for the installation. The customer then purchased car stereo speakers from D & M Sound and paid for the speakers and the installation at D & M Sound. Mr. DiMaggio was not involved in the sale of these speakers. The customer then took his vehicle and the speakers to Mr. DiMaggio's business, FilAudio, to have the speakers installed by an employee of FilAudio. The customer was dissatisfied with the installation of the speakers and called the manager of D & M Sound who suggested that the customer contact FilAudio with his complaint. The customer insisted that D & M Sound's manager inspect the work. The manager thereafter arranged for the customer, the manager and Mr. DiMaggio to meet at D & M Sound to discuss the customer's complaints.

The customer, D & M Sound's manager, and Mr. DiMaggio met in the parking lot adjacent to D & M Sound on September 12, 1994. The customer and Mr. DiMaggio argued over the installation of the speakers, and a physical altercation ensued between the two men resulting in injury to Mr. DiMaggio. Thereafter, Mr. DiMaggio filed a worker's compensation claim against D & M Sound for his injuries. FilAudio did not carry worker's compensation insurance.

A hearing was held on January 26, 1999, and the ALJ found that at the time of the altercation with the customer, Mr. DiMaggio was not acting in any employment capacity with D & M Sound. The ALJ determined that Mr. DiMaggio was an employee of D & M Sound as a part-time salesperson; Mr. DiMaggio's business, FilAudio, had a business relationship with D

---

1. Mr. DiMaggio had previously worked for D & M Sound in the late 1970's setting up car stereo displays and other work.

& M Sound; and, as part of that business relationship, D & M Sound would direct its customers to FilAudio for installations. The ALJ also found that Mr. DiMaggio's injury was a result of his employment with FilAudio and not with D & M Sound. Mr. DiMaggio appealed the ALJ's order, and the Commission affirmed on September 3, 1999, finding that the ALJ's decision was supported by competent and substantial evidence on the record as a whole. Mr. DiMaggio appeals from the final award of the Commission denying his claim for worker's compensation.

## Standard of Review

■ The Commission's decision must be upheld if it is supported by competent and substantial evidence on the whole record. *Seaton v. Cabool Lease, Inc.*, 7 S.W.3d 501, 504 (Mo.App. S.D.1999); *Leslie v. School Services and Leasing, Inc.*, 947 S.W.2d 97, 99 (Mo.App. W.D.1997). All evidence and inferences are viewed in the light most favorable to the award, and the award will be set aside only if the Commission's findings are contrary to the overwhelming weight of the evidence. *Seaton*, 7 S.W.3d at 504. However, "[f]indings and awards of the Commission which are clearly the interpretation or application of the law, as distinguished from a determination of facts, are not binding on the court and fall within the court's province of independent review and correction where erroneous." *Leslie*, 947 S.W.2d at 99. A finding that a worker's compensation claimant is or is not an employee represents an application of law, not a finding of fact, and therefore, is subject to correction by this court. *Id.*

## Point I

In his first point on appeal, Mr. DiMaggio contends that the Commission erred in denying his worker's compensation claim based upon the ALJ's finding that the incident giving rise to Mr. DiMaggio's injuries did not arise out of Mr. DiMaggio's employment with D & M Sound and that

Mr. DiMaggio was not a statutory employee of D & M Sound. Mr. DiMaggio argues that he had an employer-employee relationship with D & M Sound at the time of the incident because (1) he was working in the service of D & M Sound as a salesman and/or installer of car stereo equipment for the joint benefit of D & M Sound and FilAudio at the time he was injured, (2) D & M Sound had the right to terminate and control much of claimant's work activities, and (3) D & M Sound exercised control over Mr. DiMaggio in arranging the customer meeting in which Mr. DiMaggio was injured.

### *Employer–Employee Relationship*

■ Missouri Worker's Compensation Law defines an employee as any "person in the service of any employer ... under any contract of hire, express or implied, oral or written." § 287.020.1, RSMo 1994.[2] "A claimant establishes an employer/employee relationship if the claimant worked in the service of the alleged employer and the employer controlled these services." *Leslie*, 947 S.W.2d at 99. The pivotal question in determining the existence of an employer-employee relationship is whether the employer had the right to control the means and manner of the service, as distinguished from controlling the ultimate results of the service. *Watkins v. Bi-State Development Agency*, 924 S.W.2d 18, 21 (Mo.App. E.D.1996). While a claimant's employment status must be determined on the facts of each case, several factors must be examined to determine if a right to control existed. *Leslie*, 947 S.W.2d at 100. These factors include: (1) the extent of control, (2) the actual exercise of control, (3) the duration of the employment, (4) the right to discharge, (5) the method of payment, (6) the degree to which the alleged employer furnished equipment, (7) the extent to which the work is the regular business of the alleged employer, and (8) the employment con-

---

**2.** All statutory references are to RSMo 1994, unless otherwise indicated.

tract. *Id.* Each factor is relevant to the issue, but no one factor is dispositive. *Id.*

■ In this case, the altercation leading to Mr. DiMaggio's injuries was not in the course and scope of his employment with D & M Sound as a part-time salesperson. Mr. DiMaggio was not involved in D & M Sound's sale of the stereo equipment to the customer. The dispute that resulted in the physical altercation and claimed injury to Mr. DiMaggio involved the installation of the car stereo equipment performed by FilAudio's employees at FilAudio's garage. The resulting altercation over the speaker installation was, therefore, in the course and scope of Mr. DiMaggio's employment with FilAudio and not with D & M Sound. Although D & M Sound's manager arranged the meeting with the dissatisfied customer in which Mr. DiMaggio was injured, Mr. DiMaggio, by attending the meeting with the customer, was not acting in his employment capacity as D & M Sound salesperson. He was acting in his employment capacity as FilAudio's manager.

■ Furthermore, D & M Sound did not exert sufficient control over FilAudio's installation activities to create an employer-employee relationship. D & M Sound exerted no control over Mr. DiMaggio's stereo equipment installation business. The record reflects that D & M Sound did not specify how, when, or where equipment would be installed, provide any equipment to FilAudio, or even refer customers to FilAudio on a regular basis. FilAudio received no income from D & M Sound other than what the customers of FilAudio paid to D & M Sound for FilAudio to install stereo equipment. D & M Sound merely referred customers who wanted installation services of sound equipment to FilAudio and provided customers with the option of paying for the installation work through D & M Sound. In return for serving as a conduit for payment by FilAudio customers to FilAudio, D & M Sound deducted a five to ten percent "service fee" from the installation charges collected and passed on.

After applying the factors articulated in *Leslie* to the facts in this case, substantial evidence supports the Commission's finding that Mr. DiMaggio was not acting in any employment capacity with D & M Sound at the time of the altercation with the customer. Point denied.

### Statutory Employee

■ Mr. DiMaggio also argues that the altercation with the customer constitutes an accident arising out of and in the course of his statutory employment with D & M Sound under section 287.040.

■ Section 287.040.1 provides:

Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

In *Bass v. National Super Markets, Inc.,* 911 S.W.2d 617, 619–20 (Mo. banc 1995), *cert. denied,* 517 U.S. 1208, 116 S.Ct. 1825, 134 L.Ed.2d 930 (1996), the Missouri Supreme Court observed that section 287.040.1 makes it clear that "statutory employment exists when three elements co-exist: (1) the work is performed pursuant to a contract; (2) the injury occurs on or about the premises of the alleged statutory employer; and (3) the work is in the usual course of business of the alleged statutory employer." "Usual business" as used in section 287.040 is defined as "those activities (1) that are routinely done (2) on a regular and frequent schedule (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time (4) the performance of which would require the statutory employ-

er to hire permanent employees absent the agreement." *Id.* at 621.

Although the September 12, 1994 altercation with the customer can be reasonably considered as having occurred "on or about the premises" of D & M Sound, Mr. DiMaggio's installation of the customer's car stereo speakers was not done "on or about the premises" of D & M Sound. The installation was performed by a FilAudio employee on or about the premises of FilAudio's independently leased and operated garage. Furthermore, the ALJ found that the work which Mr. DiMaggio performed, the installation of car stereos and speakers, was not work of the kind that was in the "usual course of business" of D & M Sound. The manager of D & M Sound testified that D & M Sound was a retail business that sold, among other things, car audio equipment to the general public. D & M Sound did not install the products it sold because the majority of their customers wanted to install the equipment themselves. Any customer who wanted installation services was referred to FilAudio and other local, independent installation businesses. No evidence was presented that D & M Sound had ever hired an employee specifically to install car stereos or speakers, either before, during, or after FilAudio was in business. Additionally, evidence was presented that the "service fee" deducted by D & M Sound was to reimburse D & M Sound for credit card fees and other expenses incurred by D & M Sound for collecting FilAudio's installation fees.

After reviewing all of the facts in this case in light of the factors mentioned above, substantial evidence exists to support the Commission's finding that Mr. DiMaggio was not a statutory employee pursuant to section 287.040.1. Point denied.

As the remainder of Mr. DiMaggio's points relied on are based upon a reversal of the Commission's finding that Mr. DiMaggio was not acting in any employment capacity with D & M Sound or that he was not a statutory employee under section 287.040.1, the other points relied on need not be addressed.

The decision of the Commission is affirmed.

LOWENSTEIN, P.J., and HOLLIGER, J., concur.