**Bryan KENNISON, Appellant,**

v.

**RANKEN TECHNICAL INSTITUTE, Respondent.**

**No. ED 78613.**

Missouri Court of Appeals, Eastern District, Division Two.

May 9, 2001.

Paul F. Keeven, Mary Anne Lindsey, Evans & Dixon, Attorneys, St. Louis, MO, for appellant.

James J. Logan, Timothy A. Engelmeyer, McMichael & Logan, Chesterfield, MO, for respondent.

JAMES R. DOWD, Judge.

Ranken Technical Institute (Ranken) appeals the Labor & Industrial Relations Commission's temporary or partial award declaring that an employer/employee relationship existed between Bryan Kennison and Ranken. We affirm.

Viewed in the light most favorable to the Commission's award, the facts are as follows: On September 8, 1995, Kevin Joyce, an instructor at Ranken, asked a number of students standing in the halls outside class if any of them had a truck. Bryan Kennison, then 20 years old and a student in the heating, cooling and refrigeration program at Ranken, raised his hand and Joyce asked him to pick up ten 30–pound bottles of freon from Marco Supply so that they could be used in class. Joyce told Kennison the general directions to Marco Supply, and then Kennison and his class partner, who knew where Marco Supply was, got into Kennison's truck and headed for Marco Supply. On the way, they were involved in an auto accident. Kennison broke his left femur and has undergone extensive and multiple surgeries to cure and relieve the effects of the injury.

In his claim for compensation Kennison asserted that he injured his left leg, left knee and back and that he received these injuries while in the service of Ranken. Ranken denied that Kennison was an employee. On May 10, 2000 the administrative law judge, Karla O. Boresi (ALJ) held a hearing solely to determine whether Kennison was an employee of Ranken. All other issues were deferred for consideration at a later date. On July 1, 2000 the ALJ issued a Temporary or Partial Award, ruling that Kennison had proven that an

employer/employee relationship existed under the Workers' Compensation Act. On July 27, 2000 Ranken filed its application for review with the Labor and Industrial Relations Commission (Commission). On October 11, 2000 the Commission issued its Temporary or Partial Award, affirming the award and decision of the ALJ. Ranken appeals, arguing that the Commission erred as a matter of law in finding that Kennison was an employee of Ranken.

■ If supported by competent and substantial evidence and absent fraud, the findings of fact of the Commission are conclusive. *Burns v. Labor & Industrial Relations Comm'n,* 845 S.W.2d 553, 554–55 (Mo. banc 1993). An appellate court reviews the evidence in the light most favorable to the findings and decision of the Commission and disregards all opposing and unfavorable evidence. *Id.* at 555. "Findings and awards of the Commission which are clearly the interpretation or application of law, as distinguished from a determination of facts, are not binding on the court and fall within the court's province of independent review and correction where erroneous." *Davis v. Research Med. Ctr.,* 903 S.W.2d 557, 571 (Mo.App. W.D.1995). A finding that a worker's compensation claimant is or is not an employee represents an application of law, not a finding of fact, and therefore, is subject to correction by this court. *Leslie v. School Services and Leasing, Inc.,* 947 S.W.2d 97, 99 (Mo.App. W.D.1997).

■ The Missouri Worker's Compensation Law defines an employee as any "person in the service of any employer ... under any contract of hire ... or under any appointment." § 287.020.1, RSMo. 1994. Kennison contends that he was an employee under appointment. To determine whether a volunteer is an employee by appointment requires examination of two factors: (1) whether the volunteer is in the service of the employer; and (2) whether the employer exercises control, or has the right of control, over the volunteer. *Stegeman v. St. Francis Xavier Parish,* 611 S.W.2d 204, 206 (Mo.1981).[1] It is necessary, therefore, to determine whether there was sufficient competent evidence before the Commission to establish whether Ranken had the right of control or did control the work of Kennison.

It is undisputed that Kennison was in the service of Ranken at the time of his injuries. The only issue on appeal is whether Ranken exercised or had the right to exercise control over Kennison. It is undisputed that Kennison was told where and what to pick up and was expected to return to Ranken within an hour and unload the materials to be used in class. Kennison was dressed in a Ranken uniform and Ranken fully anticipated that Marco Supply would accept Kennison as its agent, give the materials to Kennison and bill Ranken.

■ Ranken argues it did not exercise control over Kennison because it did not dictate the route Kennison should take to and from Marco Supply, the precise manner of loading or unloading the truck, or the exact amount of time it should take to complete the task. This argument fails because it is not necessary that Ranken control every detail of the task. The question is whether Ranken exercised the amount of control it would have exercised over an employee dispatched on the same task. It is evident that Ranken exercised that control over Kennison as it would over an employee doing the same task. Rank-

---

1. Ranken urges the court to adopt the "right of control" test adopted in cases distinguishing employees from independent contractors. That test is inapplicable to employees by appointment and we decline to adopt it here.

en sent Kennison to pick up ten 30–pound canisters of freon from a particular store. In sending an employee to perform this task it is unlikely Ranken would have directed the exact route to be taken, or specified the exact manner in which the canisters would have been lifted into and stored in the truck. These are matters of common sense. Kennison was given an hour to perform the task. There is no evidence to suggest that an employee would have been expected to perform the task in any more or less time.

Ranken here used its students to perform work that would otherwise have to be done by its employees, knowing that others would accept the students as its agents. Under these circumstances it cannot deny liability under the Workers' Compensation Act. There exists substantial evidence to support the Commission's finding that Ranken exercised control over Kennison at the time of his accident and that he was an employee by appointment of Ranken pursuant to the Workers' Compensation Act.

The Commission's award is affirmed.

AHRENS, P.J., concurs.

CRANDALL, J., concurs.